[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12973
_____

D.C. Docket No. 2:10-cv-01039-IPJ


STROTHER S. WOLFE,

Plaintiff - Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 31, 2012)

Before TJOFLAT, CARNES, and JORDAN, Circuit Judges.

PER CURIAM:

Strother Wolfe appeals the district court's grant of summary judgment in

favor of his employer, the United States Postal Service, on his disability discrimination and hostile work environment claims under the Rehabilitation Act, 29 U.S.C. § 794.

From September 2002 until March 2009, Wolfe worked for the Postal Service as a machine mechanic at the Processing and Distribution Center in Birmingham, Alabama.  He has attention deficit hyperactivity disorder, for which he takes stimulant medication.  The condition does not affect Wolfe's "daily life," and the medication is "consistently effective," although his symptoms occasionally "flare up" when he fails to take his medication as prescribed.  From March 2003 until his removal from service on March 25, 2009, Wolfe was subjected to seven disciplinary actions, the majority of which related to being absent from his work area, as well as unscheduled absences.

## I.

The Rehabilitation Act prohibits the Postal Service, other federal entities, and recipients of federal money from discriminating against an "otherwise qualified individual with a disability . . . solely by reason of her or his disability." 29 U.S.C. § 794(a).  The legal standards that apply to determine liability under the Rehabilitation Act are the same as those under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.  See 29 U.S.C. § 794(d).  Therefore, the standards

2

developed in ADA cases serve as precedent for claims under the Rehabilitation Act. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). In order to establish a prima facie case of discrimination under the Rehabilitation Act, an individual must demonstrate that "(1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999).

As to the first prong of the prima facie case, the Rehabilitation Act adopts the ADA's definition of "disability," which means "(A) a physical or mental impairment that substantially limits one or more major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (emphasis added); see also 29 U.S.C. § 794(d); Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999).

Congress amended the standard for determining whether a person is disabled under the ADA (and derivatively under the Rehabilitation Act) in the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. By their own terms, the amendments did not become effective until January 1, 2009. Id. § 8, 122 Stat. at 3559. The majority of Wolfe's claims concern events that occurred before the effective date of the amendments, and are therefore governed by pre-

3

amendment standards. Wolfe's claim stemming from his removal from service notice on March 25, 2009, however, falls under the post-amendment law.

As to the alleged discriminatory actions that took place before the effective date of the statutory amendments, Wolfe argues that he presented evidence to the district court that his supervisors at the Postal Service regarded him as being disabled. The Supreme Court held in Sutton v. United Air Lines, Inc. that in order to be regarded as being disabled under the ADA with respect to one's ability to work, an employer must perceive the plaintiff as being "unable to work in a broad class of jobs. . . . [O]ne must be precluded from more than one type of job, a specialized job, or a particular job of choice." 527 U.S. 471, 491–92, 119 S.Ct. 2139, 2151 (1999); see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1216 (11th Cir. 2004). This means that in order to be regarded as disabled under the pre-amendment version of the ADA, a plaintiff must be regarded by others as being unable to work in a broad class of jobs because of the perceived disability.

In light of that standard, we agree with the district court that Wolfe failed to establish in his prima facie case that he was regarded as being disabled[1] with

---

[1] Wolfe does not argue on appeal that he is actually disabled under either the pre-amendment or post-amendment version of the ADA. Furthermore, according to Wolfe's own testimony, his condition does not "affect any functioning in [his] daily life." Therefore, Wolfe's condition does not meet the requirements of actual disability under the ADA and the Rehabilitation Act. See 42 U.S.C. § 12102(1)(A).

4

respect to the incidents that occurred before the effective date of the statutory amendments.  Although some supervisors testified that they believed Wolfe's limited attention span occasionally affected his ability to stay in his work area, there is no evidence that any of Wolfe's supervisors regarded him as having an impairment that foreclosed him from "work[ing] in a broad class of jobs."  Sutton, 527 U.S. at 491, 119 S.Ct. at 2151.  To the contrary, the supervisors generally agreed that Wolfe's limited attention span did not seem to affect his performance of the job he had, much less limit the major life activity of working.  Hilburn, 181 F.3d at 1227 ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.").

## II.

We turn now to Wolfe's claim relating to the incidents that occurred after the January 1, 2009 effective date of the statutory amendments. The amended version of the ADA statute now reads in relevant part:

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A) (emphasis added).  Because of that amendment, a plaintiff need demonstrate only that the employer regarded him as being impaired,

5

not that the employer believed the impairment prevented the plaintiff from performing a major life activity.

We take it as given for present purposes that Wolfe has carried his burden of showing that the Postal Service regarded him as disabled within the meaning of 42 U.S.C. § 12102(1)(C). And the Postal Service does not dispute that Wolfe is otherwise qualified for his position. Still, he has failed to establish a prima facie case because he has not shown that he was discriminated against because of his perceived disability. He contends that he has shown discrimination in the form of disparate treatment of similarly situated employees who were not perceived as disabled and were treated more favorably than he was.[2]

Our precedent provides that the Title VII burden-shifting framework applies to ADA claims, like Wolfe's, that rely on circumstantial evidence. See Wascura v. City of South Miami, 257 F.3d 1238, 1242 (11th Cir. 2001). To establish unlawful disparate treatment, a plaintiff generally must demonstrate that his employer treated similarly situated employees outside of his protected class more favorably than he was treated. See Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006). When the plaintiff alleges, as here, that other

---

[2] The district court did not reach this issue, which the Postal Service did argue in that court, but we may affirm the judgment on any ground supported by the record. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).

employees engaged in similar misconduct but were not similarly disciplined, the plaintiff must produce evidence that "the quantity and quality of the comparator's misconduct [was] nearly identical." McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008) (quotation marks omitted).

Wolfe's one post-amendment ADA claim involves the notice of removal issued to him on March 25, 2009. Wolfe's supervisors sought his removal because he had four unscheduled absences in a ninety-day period. Wolfe argues that there were other employees who had the same number of unscheduled absences in a ninety-day period, and who were not perceived as disabled, and whose removal from service was not sought.

In his summary judgment motion and again on appeal, however, Wolfe does not identify a single, outside-the-protected-class comparator who, like him, had four unscheduled absences in a ninety-day period and yet was disciplined less severely. The only evidence he cites to is the deposition of one of his supervisors. In that deposition, the supervisor was asked whether he always referred to discipline employees who had three or four unscheduled absences. He answered that "[it] depends on what their [attendance] track record is." When asked if there was something in Wolfe's track record that caused him to refer Wolfe to discipline, the supervisor answered, "Previous unscheduled absences." Wolfe has

7

not pointed to any further evidence about who these employees were and whether their attendance track record was as bad as his. He has thus failed to produce evidence that "the quantity and quality of the comparator's misconduct [was] nearly identical" to his. McCann, 526 F.3d at 1373 (quotation marks omitted). Not only that but he has even failed to show what discipline those other employees received. For all the record shows, those other employees were treated exactly the same as he was. The burden of establishing a prima facie case is on Wolfe, and because he failed to carry that burden, the district court did not err in granting summary judgment to the Postal Service on his claim based on the 2009 notice of removal. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).

## III.

Wolfe also argues that the district court erred in granting summary judgment to the Postal Service on his hostile work environment claim. We assume, without deciding, as the district court did, that a hostile work environment claim is cognizable under the Rehabilitation Act. In order to establish a prima face case for a hostile work environment claim, a plaintiff must demonstrate

> (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment [was] based on a protected characteristic . . . ; (4) that the harassment was sufficiently

severe or pervasive to alter the terms and conditions of employment
. . . ; and (5) that the employer is responsible for such environment
under either a theory of vicarious or of direct liability.

Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).  As we

explained earlier, Wolfe failed to establish that he met the definition of disability

under the pre-amendment legal standard.  For that reason, he cannot establish a

prima facie case of hostile work environment based on the incidents that occurred

before January 1, 2009.  That leaves only the March 25, 2009 notice of removal

incident.  We readily conclude that it is insufficient to establish "harassing

conduct" for the purposes of a hostile work environment claim.  For one thing, it is

only a single incident.  See id. at 1276.  For another thing, as we have just

concluded, Wolfe has failed to create a genuine issue of material fact that the 2009

notice of removal was a discriminatory act or involved his disability or perceived

disability.  The district court did not err in granting summary judgment against

Wolfe on his hostile work environment claim.

**AFFIRMED.**

9